## 51005. JOY MANUFACTURING COMPANY
## v. STOHL.

MARSHALL, Judge.

This is an appeal from a denial of appellant's motion for summary judgment. The issue is whether an employee who has accrued a vested, contractual right in a company pension plan can have the exercise of those rights postponed because the plan was amended so as to authorize a delay in the employee's receipt of payments thereunder, said amendment occurring during the time the employee was a participant in the plan but before his pension rights vested. The parties have agreed that the laws of the State of Pennsylvania are governing in this case.

Stohl filed a complaint seeking to recover from the company the amount of the company's contributions to a pension plan fund in the sum of $7,122.94.

Stohl was employed by the company from November, 1964, until his termination in March, 1973. During Stohl's employment, the company's retirement program required contributions both by the employees and the company. The plan prior to September, 1971, provided that the amount contributed by the company became a "vested interest" of the individual employee, and this "vested interest" would be payable in a lump sum on the date of termination of the employee's service. In lieu of a lump sum payment, the board of directors could authorize deferred instalment payments at any time between the date of the termination of employment and normal retirement. Prior to 1971, all terminated employees had been paid the company's contribution in a lump sum and none was paid a deferred annuity.

In September, 1971, the company exercised its right to amend the plan. The 1971 amendment altered the payment provisions so that one would no longer be entitled as a matter of right to a lump sum payment but would be paid his vested interest as a deferred annuity beginning at age 65.

At the time of termination, the company paid Stohl the amount of his own contribution, a sum of $5,800, but refused to pay his vested interest in the company's contribution ($7,122.94) in a lump sum, informing Stohl

that he would receive an annuity beginning at age 65 in the amount of $122.39 per month.

The company's motion for summary judgment was denied by the court but with the grant of a certificate of immediate review. This appeal followed. *Held:*

1. This decision is controlled by Pennsylvania law. We consider first whether the company had the right to amend the plan without obtaining the consent of the participants in the plan. The plan in existence at the time Stohl became an employee provided that the " . . . Board of Directors may amend the Plan at any time and in any respect . . ." A broader statement of amending power could hardly have been reserved. "An employee's right to receive payment under the plan is a conditional contract right, and when the plaintiff became a party to the contract by taking employment under it, it was bound by these conditions." Boase v. Lee Rubber & Tire Corp., 437 F2d 527, citing Gitelson v. DuPont, 17 NY2d 46 (268 NYS2d 11, 215 NE2d 336).

Stohl accepted the terms offered by the company when he became an employee and applied for participation in the retirement plan. At the time he joined the plan, it provided: "By executing and filing with the Pension Committee an application form and any other document applying for participation, each Employee who becomes a Participant shall conclusively be deemed for all purposes to have assented to being legally bound by all the provisions of the Plan, the Trust, the amendments from time to time to the Plan, and the Trust and the terms of any Contracts under which he is covered."

"It is the holding of all of the Pennsylvania cases . . . that, when an employee who is a member of any retirement system . . . has fully complied with all the requirements making him eligible to a retirement allowance, whether he chooses to ask for it then or later, he has a vested right to such allowance which cannot be adversely affected by subsequent legislation. . . [U]ntil the employee has become eligible. . . his right to the retirement allowance is inchoate, and it may be affected by subsequent legislation." David v. Veitscher Magnesitwerke Action Gessellschaft, 348 Pa. 335, 342 (35 A2d 346).

Stohl's right to demand his inchoate interest in the company's contribution to his retirement account did not "vest" until he was terminated in March, 1973. By the terms of the plan, the board of directors could "amend the plan at any time and in any respect." Since Stohl's interest in September, 1971, was only inchoate, his interest was subject to any amendment, within the reserved right, made by the board of directors.

The 1971 amendment did not deprive Stohl of his right to receive payments upon his retirement, it simply postponed the time at which he would receive such payments. As was said in Hurd v. Illinois Bell Tel. Co., 234 F2d 942, "The first major contention of plaintiffs' largely depends upon just what the right is which vests in an employee upon his [termination] in accord with the plan. Such an employee receives only a right to receive a monthly pension, not in a specified amount, but in an amount computed in accord with the provisions and conditions of the whole contract." The terms of this plan put appellee on notice that unless he could show special circumstances the company's contribution would be paid to him by a monthly annuity commencing on his 65th birthday. Since appellee was not sixty-five at his termination, is not of that age as of the present, and the board of directors have decreed that payment will be made in the form of a monthly annuity at that time, he is bound by the terms of the agreement.

2. In his petition and before this court, appellee argues that he was never informed of the meaning of the 1971 amendment and that an explanatory booklet as well as oral explanations by the company were misleading. Appellee's reliance upon the booklet distributed by the company and the oral explanation of the amended plan must be superseded by the provisions of the master contract. Gallo v. Howard Stores Corp., 145 FSupp. 909. It is noted that the booklet defines itself as being merely a brief summary of the plan and informs each employee that he is bound by the technical provisions of the master contract as well as where the master contract may be examined.

3. Appellee further contends that the amended plan was not as beneficial as the original plan in that a person of

his age and in his circumstance would find a lump sum payment more beneficial than a monthly annuity commencing at age 65.

In substance, appellee does not argue the amendment was monetarily less beneficial, but that as to him a deferred payment is less beneficial than a lump sum payment. The terms of the contract, which are binding on the parties, do not indicate that the needs of each employee will dictate the terms of payment. The contract confers upon the pension committee the power of disposition. That contract requires the pension committee to defer the payment of the company's contribution until the terminated employee's 65th birthday unless, in the discretion of the committee, special circumstances warrant a lump sum payment. The committee lawfully exercised that discretion.

4. Nevertheless, appellee complains that, pursuant to the plan, the pension committee, having the discretion to award him a lump sum payment, has arbitrarily refused to consider his request for such payment. The record clearly refutes such a contention. The record indicates that the pension committee, at a meeting held on May 10, 1974, considered appellee's request for a lump sum payment. The committee did not find the unusual circumstances which would warrant payment of a lump sum. We find no abuse of discretion by the pension committee. There is no showing that the committee acted without authority or in derogation of the express terms of the pension plan contract. The pension committee was bound by that contract as much as the company and the participants in the plan.

5. We have considered the other arguments of appellee. We are satisfied that there are no factual issues to be resolved by a jury. The entire case revolves around the interpretation of a contract. Thus, we must and do conclude that the issues should have been decided in appellant's favor on its motion for summary judgment.

*Judgment reversed with direction to enter judgment for appellant. Bell, C. J., and Webb, J., concur.*

ARGUED SEPTEMBER 15, 1975 — DECIDED DECEMBER 2, 1975 — REHEARING DENIED DECEMBER 19, 1975 — 

*McClain, Mellen, Bowling & Hickman, Arthur Gregory, James W. Culbreth,* for appellant.

*Cofer, Beauchamp & Hawes, Peyton S. Hawes, Jr., Robert S. Jones,* for appellee.